IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK09-43033-TLS |
| | ) | |
| DANIEL L. HIGHFIELD, | ) | CH. 13 |
| | ) | |
| Debtor. | ) | |

## **ORDER**

    Hearing was held in Lincoln, Nebraska, on March 17, 2010, on confirmation of Debtor's amended Chapter 13 plan (Fil. #27), the objection filed by Hastings State Bank (Fil. #30), and Debtor's response (Fil. # 36). Dana Ulrich appeared for Debtor, and Arend Baack appeared for Hastings State Bank ("Hastings").

    For the reasons discussed below, confirmation is denied.

    Hastings has filed two claims in this proceeding. Claim No. 10 is in the amount of $18,278.34 and is based upon a guaranty executed by Debtor in favor of Hastings. Debtor guaranteed the indebtedness due to Hastings by Debtor's company, DH Construction, Inc., pursuant to the terms of a promissory note dated October 22, 2007, in the original principal amount of $28,050.00, payable together with interest at the rate of 8.5% per annum. In connection with that loan, Debtor and DH Construction executed a security agreement in favor of Hastings granting a security interest in a 2004 Bobcat.[1] Hastings duly perfected its security interest with a UCC filing.

    Hastings also filed claim No. 11 in the amount of $19,234.63. This claim is based upon a promissory note executed by Debtor in favor of Hastings dated May 13, 2008, in the original principal amount of $24,715.40, payable together with interest at the rate of 8% per annum. That claim is secured by a 1999 GMC Sierra truck and a 2003 motorcycle. In its proof of claim, Hastings values its collateral at $23,435.00.

    Debtor's plan with respect to claim No. 10 simply provides: "Surrender name off– and to: DH Construction Corp. to pay directly." Hastings objects to the treatment of claim No. 10 as not constituting a complete "surrender" since there is apparently a co-owner of the collateral which is not a party to the bankruptcy proceeding. That objection is overruled.

---

    [1]It is unclear whether Debtor or DH Construction, Inc. (or both) actually owns the Bobcat. No evidence was presented on that issue and since both executed the security agreement the Court will assume both have an ownership interest.

While the language used by Debtor in his plan is not clear,[2] counsel for Debtor acknowledged at the hearing that Debtor was simply surrendering any interest Debtor may have in and to the Bobcat. The effect of such a surrender upon confirmation means that Hastings is free to pursue any and all remedies it may have with respect to the Bobcat free of the burdens of this bankruptcy case and free of the automatic stay. The fact that there appears to be another owner of the collateral is a complication Hastings took on when it accepted a lien on the Bobcat, the title to which has not changed during the course of this bankruptcy proceeding.

With respect to claim No. 11, Hastings argues that it is a fully secured creditor based on its proof of claim and the value set forth in that claim. Accordingly, Hastings believes that it is entitled to receive the contractual interest rate of 8% over the life of the plan. Hastings is correct that once its proof of claim is allowed, the value set forth in that claim controls. *See In re Stein*, 63 B.R. 140 (Bankr. D. Neb. 1985), and Nebraska Rule of Bankruptcy Procedure 3007-1(C). However, Hastings is incorrect regarding the interest rate. The proof of claim process only establishes the allowed amount of the claim as of the date of bankruptcy filing. It does not address the interest rate to be paid on that claim if the claim is to be paid over time under the terms of the plan. *See In re Jansa,* Case No. BK06-80500-TJM (Bankr. D. Neb. Jan. 11, 2007). This district adopted Nebraska Rule of Bankruptcy Procedure 3023-1 which provides that the "*Till*" rate or "formula" rate should be used for determining value for confirmation purposes. That Local Rule provides as follows:

> B. Formula. Whenever the Court is required to determine the value, as of the effective date of a plan, of property to be distributed under a plan for any confirmation purposes, there is a presumption that the appropriate interest rate shall equal the national average of the prime rate as published in *The Wall Street Journal* on the last business day prior to the confirmation hearing, stated as a simple interest rate per annum, plus two percentage points. If the creditor desires a different interest rate, it must specifically object to confirmation based upon inadequacy of the interest rate and shall have the burden of proof by a preponderance of the evidence on the appropriate rate of interest, which issue shall be considered at the confirmation hearing. Consistent with the plan in Appendix "G", a Chapter 13 plan shall contain the specific interest rate proposed to be paid to a creditor.

Hastings urges the Court to consider the 5.25% interest rate to be inadequate under the Local Rule and in support submits the affidavit of Billie Kent, a vice president of Hastings (Fil. #34). Mr. Kent opines that if the Debtor were now to apply for auto/vehicle loans secured by the 1999 GMC Sierra pickup and the 2003 motorcycle, those loans would only be available for a maximum term of 36 months at an interest rate of 9.75% for borrowers with less than satisfactory credit histories.

---

[2]Since this Order requires the filing of another amended plan, Debtor should clarify this language to explicitly provide that Debtor is surrendering any interest in the Bobcat and that upon confirmation the automatic stay will no longer apply and Hastings State Bank will be free to pursue any remedies it may have under state law with respect to its collateral.

Factors for a court to consider when deciding whether the formula rate is sufficient include the estate's circumstances, the nature of the security, and the duration and feasibility of the plan. *Till v. SCS Credit Corp.*, 541 U.S. 465, 479 (2004). Here, Hastings filed the only objection to confirmation and feasibility has not been raised as a concern. Further, based on the loan balance and the value asserted in its proof of claim, Hastings appears to have a sizeable equity cushion. While Hastings may not be excited about the current low prime lending rate, that rate is not under the Debtor's control and he should not be made to alleviate any more of Hastings' risk than *Till* requires. Generally, interest rates are cyclical, sometimes to the borrower's advantage and sometimes to the lender's advantage. Currently, the rates are in the debtors' favor. That simply is how it is. However, as an over-secured creditor, Hastings is entitled to its contract rate of interest (as well as its fees and costs) through the date of confirmation. *In re Elk Creek Salers, Ltd.*, 286 B.R. 387, 394 (Bankr. W.D. Mo. 2002), and the *Till* rate thereafter.

Accordingly, Hastings has failed to overcome the presumption as to the appropriate interest rate established by the Local Rule. Therefore, the objection is overruled as to the interest rate.

Finally, Hastings also objected because the plan subordinates the payment of secured creditors to the payment of fees for Debtor's attorney. That objection is sustained. If payment of secured claims, or at least adequate protection payments in lieu of secured claim payments, do not begin upon confirmation, the lender is at risk.[3] The plan does provide for pre-confirmation adequate protection payments in the amount of $250.00 per month, but also provides that once the plan is confirmed, attorneys' fees will be paid before payments will commence to Hastings. That could result in a lengthy period of time during which Hastings will not be receiving any payments while its collateral is depreciating.

IT IS, THEREFORE, ORDERED that the amended plan (Fil. #27) is not confirmed. Debtor is ordered to file an amended plan consistent with this Order by April 9, 2010.

DATED: March 19, 2010.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

---

[3] The amended plan proposes payments of $750.00 per month. Debtor's attorney has already filed a fee application seeking $5,399.00 in fees and $336.00 in costs. Accordingly, payments to the secured creditor under the plan as proposed would not commence for at least eight months post-confirmation.

Notice given by the Court to:
    *Dana Ulrich
    *Arend Baack
    Kathleen Laughlin
    United States Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.